# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CATHY VIGNERI and RAY VIGNERI** ) | **8:05CV68** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **STIPULATED PROTECTIVE** |
| ) | **ORDER** |
| **U.S. BANK NATIONAL ASSOCIATION,** ) | |
| ) | |
| **Defendant.** ) | |

THIS MATTER came on for consideration pursuant to the agreement of the parties, Plaintiffs Cathy Vigneri and Ray Vigneri and Defendant U.S. Bank National Association, herein as evidenced by the signatures of their respective counsel below, for entry of a protective order to preserve the confidentiality of certain documents and records of Plaintiffs and Defendant previously produced or to be produced to the opposing party or parties or their respective legal counsel, which documents will be designated by the producing counsel as "Confidential" by marking the same by hand or with a stamp to that effect. The records of Defendant to be kept confidential include operations manuals and policy and procedure manuals of Defendant which contain proprietary business information (hereinafter, the "Records").

The parties, by agreement, further request the Court to enter an order sealing any and all filings with and/or submissions to the Court, including depositions conducted in the case, which contain proprietary information and/or trade secrets contained in the Records.

Plaintiffs and Defendant also agree to abide by the requirements of Local Rule NECivR 5.3 regarding the privacy of personal data identifiers. The Parties agree that the following information shall be redacted from all pleadings, documents, and exhibits: financial account numbers; Social Security numbers; dates of birth; and home addresses.

The Court, being fully advised in the premises, finds as follows:

**IT IS ORDERED:**

1.  The Records of Defendant and any copies thereof shall be utilized by the opposing party or parties solely in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement and for no other purpose and shall not

be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.

2.  Access to the Records of Defendant shall be limited to attorneys of record and their staff, associates of the attorneys of record and their staff, the parties to this case, including directors, officers and employees thereof, the Court, court staff, court reporters in connection with this action, and independent experts or consultants employed to assist any attorneys of record in the course of trial or pretrial preparation.

3.  Before counsel discloses the Records to any designated expert or consultant, such expert or consultant must first execute the following agreement:

### AGREEMENT OF CONFIDENTIALITY

> I hereby certify that I have read the Protective Order entered on _____, 2005 (the "Order") in the action now pending in the United States District Court for the District of Nebraska entitled *Cathy Vigneri and Ray Vigneri v. U.S. Bank National Association*, Case No. 8:05-CV-68 (the "Action") and am fully familiar with its terms. I understand that in the course of my activities in connection with the Action, I may have occasion to examine, inspect or be exposed to records of the Defendant or the contents thereof. I therefore agree to be bound by and comply with all of the terms and prohibitions of the Order and not to do any act or thing in violation of the Order.

4.  All persons to whom the Records are disclosed pursuant to this Order shall:

   a.  Be responsible for keeping such custody or control over said records so as to assure that said Records are not lost, misplaced or inadvertently disclosed in violation of the provisions of this Order;

   b.  Not reveal the contents of the Records to any person not already subject to the terms of this Order;

   c.  Not reveal or use the contents of the Records except for the purposes set forth in Paragraph 1, above; and

   d.  Return promptly to counsel for the disclosing party any copy of any such Records entrusted to him or her when no longer required by him or her for the purposes set forth in Paragraph 1, above, except that this Paragraph 4(d) shall not apply to the Court or court personnel.

5.  Any and all filings and/or submissions to the Court which are stamped or marked "Confidential" will be sealed in an envelope and will be designated "Confidential" by affixing a stamp or statement to the outside of the sealed envelope. Such envelopes will further be labeled with a statement in substantially the following form:

> This envelope containing documents which are filed in this case by _____ is not to be opened or the contents thereof to be displayed or revealed except by order of this Court.

6.  The execution and entry of the Protective Order shall in no way affect or impair the right of the Plaintiffs or Defendant to raise or assert any objection or defense to the use, relevance or admissibility at trial of the Records or any information contained therein. The parties to the agreement reserve the right to submit this agreement as to what information is confidential to the Court by appropriate motion. If the Records or any information contained therein are used in any depositions, all portions of the transcript of such depositions and the exhibits thereto which refer or relate to said Records or any information contained therein shall be treated as confidential pursuant to the terms of this Protective Order.

7.  After this action is terminated by the entry of a final and not further appealable order or by settlement, the Records and the information contained therein and marked "Confidential" shall not thereafter be disclosed to any third party and shall be returned to the party or parties producing the Records regardless of whether the Records have been made part of the court file or entered into evidence. Any documents marked "Confidential" which are made part of the court file, filed with the Court, submitted to the Court or entered into evidence in the trial of this action may remain in the custody of the Court but will remain sealed in the envelopes designated "Confidential".

8.  The Parties shall comply with the requirements of NECivR 5.3 and redact or partially redact as required from all pleadings, documents, and exhibits, the personal data identifiers listed in Rule 5.3.

DATED this 8th day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

AGREED TO:
/s/ Andrew W. Muller
Andrew W. Muller, #22550
Michael J. Leahy, #20740
STINSON MORRISON HECKER LLP
1299 Farnam Street, Suite 1501
Omaha, Nebraska 68102
(402) 342-1700
Attorneys for Defendant U.S. Bank National Association

/s/ William L. Reinbrecht
William L. Reinbrecht, #20138
Pamela A. Car, #18770
Car & Reinbrecht, P.C., LLO
8720 Frederick Street, Suite 105
Omaha, NE  68124
Attorneys for Plaintiffs Cathy Vigneri and Ray Vigneri