IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CATHY VIGNERI and RAY VIGNERI,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:05CV68 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **US BANK NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion for Leave to File a Third-Party Complaint (Filing No. 32). The defendant attached to the motion an unsigned copy of the proposed third party complaint, in compliance with NELR 15.1. The plaintiffs filed a brief (Filing No. 33) in opposition to the motion. The defendant filed a reply (Filing No. 34) in support of its motion. The defendant attached to its reply an exhibit (Filing No. 34, Exhibit A).

### BACKGROUND

The plaintiffs pray for a judgment against the defendant in the amount of $1,074.88 for the defendant's alleged violation of the Electronic Funds Transfer Act (EFTA), conversion of the plaintiffs' property, and violation of the Nebraska Uniform Commercial Code. **See** Filing No. 30, p. 1, 7. The plaintiffs allege the defendant allowed an electronic fund transfer to Nationwide Credit, Inc., a collection agency, (Nationwide) of $1,074.88 from the plaintiffs' joint bank account without any prior notice by either Nationwide or the defendant. *Id.* p. 2. The plaintiffs allege they did not authorize the defendant, either orally or in writing, to conduct an electronic fund transfer of any amount. *Id.* p. 3. The plaintiffs allege their agreement with Nationwide authorized Nationwide to electronically withdraw only $100.00 per month from the joint bank account. *Id.* p. 2.

The defendant seeks to serve a third-party complaint on Nationwide pursuant to Rule 14 of the Federal Rules of Civil Procedure (Rule 14). The defendant states that if the defendant is found liable for the plaintiff's damages, such damages would be "because of and

as a proximate result of the negligence, misrepresentations, or other wrongful conduct of [Nationwide]." Filing No. 32, p. 1.

The plaintiffs urge the court to deny the motion because the defendant fails to satisfy the requirements of Rule 14. They argue the defendant's motion must fail because the defendant has no substantive right of relief against Nationwide. They further argue the defendant fails to plead facts sufficient to show there is any nexus between Nationwide and the electronic fund transfer that is the basis of the plaintiffs' claims. They also argue the defendant's claim for contribution or indemnity from Nationwide is neither a claim recognized under Nebraska law nor a claim that could be successful. Finally, the plaintiffs contend they will be prejudiced if the third-party claim is allowed because the additional issues will complicate the action and lead to additional expense.

The defendant replies that its motion satisfies Rule 14's requirements because the defendant's claim against Nationwide is dependent upon and derivative of the platinffs' claims against the defendant. The defendant further contends Nebraska law recognizes a claim for indemnity and the plaintiffs will not be prejudiced by the inclusion of Nationwide in this suit.

## ANALYSIS

Rule 14(a) controls when a defendant may bring in a third party to a civil action. It provides that:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14(a). Under Rule 14(a) a defendant may:

> Assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

**Mattes v. ABC Plastics, Inc.**, 323 F.3d 695, 698 (8th Cir. 2003) (citation omitted).

Review of the proposed third-party complaint reveals this is not a case where the defendant's third-party claim merely arises out of the same general set of facts as the main claim. Instead the court finds the defendant's third-party claim involves a transfer of liability based on the plaintiffs' claims. The court does not accept the plaintiffs' characterization of the plaintiffs' claims as "center[ing] around the [defendant] bank's failure under the EFT to investigate the disputed transfer." Filing No. 33, p. 3. This characterization is inaccurate at least as to Cause of Action 2 involving the common law tort of conversion and Cause of Action 3 involving the Nebraska Uniform Commercial Code. **See** Filing No. 30, p. 5-6.

In its proposed third-party complaint, the defendant claims it "is entitled to full and complete contribution and/or indemnification from [Nationwide]" for any amounts for which it is found liable to the plaintiffs. Filing No. 32, Exhibit A, p. 2. Indemnity is available under Nebraska law "when one party is compelled to pay money which in justice another ought to pay, or has agreed to pay, unless the party making the payment is barred by the wrongful nature of his conduct." ***Sec. First Bank v. Burlington N. & Santa Fe Ry. Co.***, 213 F. Supp. 2d 1087, 1094 (D. Neb. 2002) (distinguishing indemnification from contribution, the latter involving "a sharing of the loss between parties jointly liable") (**quoting *Warner v. Reagan Buick, Inc.***, 483 N.W.2d 764, 771 (Neb. 1992)) (citations and quotation marks omitted). The plaintiffs' legal arguments to the contrary are a misreading of the case law. **See *id.*** (involving "apportionment of damages" under Nebraska's comparative negligence statute, Neb. Rev. Stat. § 25-21,185.10, and stating in dicta that such does not strictly constitute a claim countenanced by Rule 14); **see also *Genetti v. Caterpillar, Inc.***, 621 N.W.2d 529, 548 (Neb. 2001) (discussing that since "[t]his case does not involve a tort claim under which an allocation of damages between the parties might be necessary," the plaintffs could recover their damages for the single injury at issue from "either defendant who could then seek indemnity or contribution from the other defendant").

The Amended Complaint specifically alleges: "That the plaintiffs never provided US Bank with any written authorization for any amount to be electronically withdrawn from [the plaintffs' joint bank account]." Filing No. 34, p. 2. The defendant provided the court a copy of a draft directing the defendant to pay $1, 074.88 to Nationwide (Filing No. 34, Exhibit A). Such draft is executed by Nationwide Credit Inc. and purports that Nationwide is an authorized

3

signatory for the plaintiff Ray Vigneri. There are no "enormous gaps" in the defendant's legal theory such that Rule 14 impleader is unwarranted. **See** *Mattes*, 323 F.3d at 699. These showings sufficiently demonstrate that Nationwide "may be liable to the third-party plaintiff for all or part of the plaintiff[s'] claim[s] against the third-party plaintiff." **See** Fed. R. Civ. P. 14(a).

Furthermore, the defendant has satisfied Rule 14(a)'s requirement that Nationwide's liability on the defendant's claim against Nationwide is dependent upon the outcome of the plaintiffs' claims. The defendant only asserts it is entitled to recovery from Nationwide should the plaintiffs succeed in their claims against the defendant. Therefore, whether the defendant has a claim against Nationwide is entirely dependent upon the outcome of the plaintiffs' claims.

Finally, the court finds the plaintiffs will not be prejudiced by the joinder of Nationwide. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion for Leave to File a Third-Party Complaint (Filing No. 32) is granted.

2. The defendant shall have to **on or before September 19, 2005**, to file its third-party complaint.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 6th day of September, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge