# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CATHY VIGNERI and RAY VIGNERI, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:05CV68 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| US BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendant and | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE CREDIT, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

This matter is before the court on the motion of Joseph L. Vacca to withdraw as counsel for Nationwide Credit Inc. (Filing No. 51). Mr. Vacca states he has a substantial conflict of interest requiring his withdrawal. Mr. Vacca also requests a continuance of the planning conference currently scheduled for November 18, 2005.

The court notes no substitute counsel has appeared in this matter for Nationwide Credit, Inc. However, Mr. Vacca represents Nationwide Credit Inc. is actively seeking substitute counsel, who should be able to make an appearance within thirty days. The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." ***Ackra Direct Mktg. Corp. v. Fingerhut Corp.***, 86 F.3d 852, 857 (8th Cir. 1996); **see also *United States v. Van Stelton***, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); ***Carr Enters., Inc. v. United States***, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel"). In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. ***Ackra Direct***, 86 F.3d at 857. Under the circumstances, the court concludes counsel shall not be given leave to withdraw as attorney for Nationwide Credit Inc. until substitute counsel has entered

an appearance or other order of the court. Nationwide Credit Inc. shall have an opportunity to obtain substitute counsel.

Furthermore, a brief continuance of the planning conference is appropriate to allow Nationwide Credit Inc. an opportunity to have its new counsel represent it at the conference. Accordingly,

**IT IS ORDERED:**

1. Joseph L. Vacca's motion to withdraw as counsel for Nationwide Credit Inc. (Filing No. 51) is held in abeyance until December 15, 2005.

2. Nationwide Credit Inc. shall have substitute counsel enter an appearance on its behalf **on or before December 15, 2005**. If Nationwide Credit Inc. fails to have substitute counsel enter an appearance by that date the court may strike the answer of Nationwide Credit Inc. and enter default, pursuant to Fed. R. Civ. P. 37(b)(2)(C).

3. Joseph L. Vacca shall serve a copy of his motion and this order on Nationwide Credit Inc. and file a certificate of service therefore.

4. The planning conference previously scheduled for November 18, 2005, is continued until **December 20, 2005, at 10:15 a.m.** The plaintiffs' counsel shall initiate the telephone conference.

DATED this 16th day of November, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge