# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CATHY VIGNERI and RAY VIGNERI,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:05CV68 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **US BANK NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| **Defendant and Third Party Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **NATIONWIDE CREDIT, INC.,** | ) | |
| | ) | |
| **Third Party Defendant.** | ) | |

    This matter is before the court on the defendant U.S. Bank National Association's (U.S. Bank) Motion to Compel (Filing No. 56). The plaintiffs filed a brief (Filing No. 77) and an index of evidence (Filing No. 78) in opposition to the motion. U.S. Bank filed a brief (Filing No. 80) and an index of evidence (Filing No. 81) in reply. The plaintiffs filed a brief (Filing No. 84) in opposition to the reply.

    On July 19, 2005, the Vigneris filed an Amended Complaint including claims against U.S. Bank alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, conversion of property and violations of the Nebraska Uniform Commercial Code. **See** Filing No. 30. The Vigneris allege U.S. Bank allowed an electronic fund transfer to Nationwide Credit, Inc. (Nationwide), a collection agency, of $1,074.88 from the Vigneris's joint bank account without any prior notice by either Nationwide or U.S. Bank. *Id.* p. 2. The Vigneris allege they did not authorize U.S. Bank, either orally or in writing, to conduct an electronic fund transfer of any amount. *Id.* p. 3. The Vigneris allege their agreement with Nationwide authorized Nationwide to electronically withdraw only $100.00 per month from the joint bank account. *Id.* p. 2. On September 6, 2005, U.S. Bank filed a Third-Party Complaint against Nationwide alleging that if U.S. Bank is found liable for Vigneris's

damages, such damages would be because of and as a proximate result of the negligence, misrepresentations, or other wrongful conduct of Nationwide.

On June 7, 2005, U.S. Bank served the Vigneris with discovery requests to which the Vigneris timely responded. On August 14, 2005, U.S. Bank became aware of a prior lawsuit between the Vigneris and Nationwide, which had been resolved through settlement. Based on such information, U.S. Bank believed the Vigneris had additional documents responsive to the earlier discovery requests which were not disclosed or identified. On August 25, 2005, counsel for U.S. Bank requested the Vigneris supplement the discovery responses. **See** Filing No. 56, Exhibit B. On September 1, 2005, counsel for the Vigneris agreed to supplement the responses within one week. *Id.* Exhibit C. The record in this case reflects the Vigneris supplemented their responses to requests for production on September 15, 2005. **See** Filing No. 44 (Certificate of Service). However, U.S. Bank states no additional documents were disclosed and on December 22, 2005, U.S. Bank specifically requested a copy of the settlement agreement between the Vigneris and Nationwide. **See** Filing No. 56, Exhibit D.

The Vigneris argue the claim they brought against Nationwide in *Vigneri, et al. v. Nationwide Credit, Inc.*, Case No. 8:04CV505, is completely different than the claims against U.S. Bank. Further, the Vigneris state "the fact patterns are completely different in proving each claim and the remedies do not overlap." **See** Filing No. 77, p. 2. The Vigneris also state that U.S. Bank is now in possession of the settlement agreement. The Vigneris state they did not have a copy of the requested documents, which counsel for U.S. Bank knew, due to a computer malfunction. **See** Filing No. 78, Exhibit 2. However, in the Vigneris's September 15, 2005 supplemental response they stated they "will produce a copy of the settlement agreement between themselves and Nationwide." *Id.* Exhibit 2(B). Finally, the Vigneris contend the motion to compel was brought in bad faith and filed in contravention of the court's local rules.

The court is hard pressed to find a discovery dispute for resolution, based on the parties' submissions. U.S. Bank is clearly in possession of the settlement agreement. In fact, U.S. Bank filed the settlement agreement with its motion for summary judgment.

Further, the settlement agreement was the only document sought in U.S. Bank's December 22, 2005 letter to counsel for the Vigneris.

NECivR 7.1(i) states:

> To curtail undue delay in the administration of justice, <u>this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences</u>, they are unable to reach an accord. This showing shall also recite the date, time and place of such conference and the names of all persons participating in them.

**See** NECivR 7.1(i) (emphasis added); **see also** NECivR 7.1(i)(1) (defining personal consultation).

In connection with the instant motion to compel, the movant made a showing that counsel for U.S. Bank only engaged in personal consultation with regard to the settlement agreement. No other documents were sought, either by name or category, in the December 2005 letter. Accordingly, no additional supplement response will be required.

If, however, the court considers U.S. Bank's remaining contentions, the motion must be denied. U.S. Bank seeks supplemental responses to requests for production for which the Vigneris have made it abundantly clear that they are not in possession of documents. Federal Rule of Civil Procedure 34 allows a party to request of another party production of documents for inspection and copying. Fed. R. Civ. P. 34(a); **see also** Fed. R. Civ. P. 45 (production requirements for non-party). The rule applies to such documents "which are in the possession, custody or control of the party upon whom the request if served." ***Id.*** "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." ***Prokosch v. Catalina Lighting, Inc.***, 193 F.R.D. 633, 636 (D. Minn. 2000) (citing cases). Although, the court cannot compel production of a document or information, which does not exist. **See *Byrd v. Reno***, NO. CIV.A.96-2375CKK JMF, 1998 WL 429676, *17 (D.D.C. Feb 12, 1998) (The court cannot compel what the party does not have.).

At the time of the September 15, 2005 supplemental response, the Vigneris stated they "have not found anything new or additional in response to Requests 6, 7, & 8."  **See** Filing No. 78, Exhibit 2(B).  While non-privileged documents related to the earlier lawsuit do appear discoverable, the court cannot compel what the party does not have.  Further, U.S. Bank has received some documents, including the settlement agreement, from Nationwide who is a party in this case.  Therefore, even if the Vigneris might have "control" over additional documents such documents are more easily obtained directly from Nationwide.  Consequently, U.S. Bank's motion to compel should be denied on that basis, as well.

The movant and respondents each seek an award of costs and fees associated with the motion to compel.  Regarding a motion to compel, Federal Rule of Civil Procedure 37 provides:

> If the motion is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(B).

Upon reviewing the circumstances of this case, the court finds the motion to compel was substantially justified[1] with regard to the settlement agreement and the court finds sanctions should not be imposed in this matter.  U.S. Bank was not provided a copy of the settlement agreement until after the motion was filed, by another party in this case.  U.S. Bank asserted legitimate reasons to obtain the document from the Vigneris, though the motion was denied.  Furthermore, the Vigneris may have had control over the settlement agreement even though they did not have either a hard or electronic copy of the document in their possession.  The Vigneris's supplemental response to the discovery request left the

---

[1] The provisions of Rule 37(a)(4) provide that sanctions may not be appropriate where a motion was substantially justified.  "Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule."  Charles A. Wright, et al., ***Federal Practice and Procedure*** § 2288 (2d ed. 1994).

matter unresolved and necessitated the motion to compel.  Under the circumstances, the court does not find the imposition of sanctions to be warranted in this case and will not assess sanctions against either party with regard to the instant discovery dispute.  Upon consideration,

**IT IS ORDERED:**

U.S. Bank National Association's Motion to Compel (Filing No. 56) is denied.

DATED this 30th day of March, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge
