IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CATHY VIGNERI and RAY VIGNERI, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:05CV68 |
| | ) | |
| vs. | ) | ORDER |
| | ) | and |
| US BANK NATIONAL ASSOCIATION, | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Defendant and | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONWIDE CREDIT, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

This matter is before the court on several motions. The plaintiffs Cathy Vigneri and Ray Vigneri's (the Vigneris) filed a Motion for Default Judgment against defendant U.S. Bank National Association (U.S. Bank) (Filing No. 64). The Vigneris filed a declaration (Filing No. 65) in support of the motion. In response, U.S. Bank filed a Motion for Leave to File Its Answer (Filing No. 66) and a brief (Filing No. 67) opposing default judgment. U.S. Bank filed the proposed answer attached to the motion and an exhibit (Exhibit A) attached to the brief. The Vigneris then filed a brief (Filing No. 69) opposing U.S. Bank's motion and a Motion to Strike Exhibit A to Filing 67 (Filing No. 70). In response to the motion to strike, U.S. Bank filed a brief (Filing No. 73), an index (Filing No. 71) and an affidavit (Filing No. 72). U.S. Bank also filed a reply brief (Filing No. 75) in support of its motion for leave. The Vigneris filed a Motion to Strike Affidavits of Andrew Muller (Filing No. 79), referring to Filing Nos. 60, 71 and 72. U.S. Bank filed a brief (Filing No. 82) opposing the second motion to strike. The third-party defendant Nationwide Credit, Inc. (Nationwide Credit) did not participate in the briefing of these motions.

## BACKGROUND

On February 14, 2005, the Vigneris filed their complaint against U.S. Bank alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. **See** Filing No. 1. On March 23, 2005, U.S. Bank filed an answer to the complaint. **See** Filing No. 8. On July 19, 2005, the Vigneris filed an Amended Complaint, with leave of court, adding claims for conversion of property and violations of the Nebraska Uniform Commercial Code. **See** Filing No. 30. On August 2, 2005, U.S. Bank filed a motion for leave to file a Third-Party Complaint. **See** Filing No. 32. On September 6, 2005, U.S. Bank filed the Third-Party Complaint, with leave of court. **See** Filing No. 41. On September 27, 2005, Nationwide Credit filed its answer to the Third-Party Complaint. **See** Filing No. 48. The parties have engaged in discovery and participated in various scheduling conferences with the court. On January 11, 2006, U.S. Bank filed a motion for summary judgment. **See** Filing No. 57. On January 16, 2006, the Vigneris filed the motion for default judgment against U.S. Bank. **See** Filing No. 64. U.S. Bank responded to the motion the next day.

## ANALYSIS

**A.   Motion for Default Judgment**

In the motion for default judgment, the Vigneris seek an entry by the Clerk of Court for default judgment against U.S. Bank. **See** Filing No. 64. Specifically, the Vigneris state U.S. Bank failed to file a pleading in response to the Amended Complaint. The Vigneris allege specific sums as damages for the claims averred. The Vigneris rely on Federal Rule of Civil Procedure 55(b)(1) and NECivR 55.1(a) in support of the motion.

Pursuant to Rule 55(b):

> Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, <u>if the defendant has been defaulted for failure to appear</u> and is not an infant or incompetent person.

**See** Fed. R. Civ. P. 55(b)(1) (emphasis added).

As an initial matter, the Vigneris failed to move for default under Rule 55(a). Accordingly, default judgment cannot yet be entered under Rule 55(b). **See *Johnson v. Dayton Elec. Mfg. Co.***, 140 F.3d 781, 783 (8th Cir. 1998). However, assuming the Vigneris now seek entry of default under Rule 55(a), such default must be denied. Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

U.S. Bank admits the failure to file an answer in response to the Amended Complaint. However, U.S. Bank contends the record is clear that U.S. Bank has actively defended the claims made by the Vigneris. U.S. Bank states the failure to file an answer to the Amended Complaint was due to inadvertence or excusable neglect. U.S. Bank argues it has not committed any willful violations of court orders or rules, nor has it engaged in contumacious conduct or intentionally delayed proceedings. Next, U.S. Bank contends the Vigneris' conduct mitigates against entry of default judgment because the Vigneris waited for five months to seek default and never warned U.S. Bank of the issue even though counsel had engaged in discovery throughout the time period. Finally, U.S. Bank argues it has meritorious defenses to the Vigneris' claims, which should be resolved on the merits. U.S. Bank is prepared to file an answer immediately.

The court finds the record contains evidence U.S. Bank has continued to defend itself against the Vigneris' claims and, although no timely answer was filed in response to the Amended Complaint, entry of default or default judgment would be inappropriate at this time.

**B.     Motion for Leave to File Answer**

U.S. Bank seeks leave to file their answer to the Amended Complaint out of time. **See** Filing No. 66. U.S. Bank's answer was due on August 2, 2005. As described above, U.S. Bank states the failure to file an answer was due to inadvertence. U.S. Bank states that in addition to the affirmative defenses pled in the original answer, it adds defenses to the Vigneris' claims added by the Amended Complaint and two affirmative defenses which

were discovered during the course of litigation. U.S. Bank argues the Vigneris will suffer no prejudice and no deadlines need be extended by the filing of the answer.

The Vigneris oppose U.S. Bank's motion to file the answer out of time. The Vigneris argue U.S. Banks' proposed answer adds several additional defenses, which were not previously raised. Additionally, the Vigneris argue U.S. Banks' motion for leave is untimely, made without good cause, and that the Vigneris would be prejudiced by the untimely answer. The Vigneris oppose the addition of affirmative defenses, particularly since the deadline to amend pleadings expired on September 9, 2005. **See** Filing No. 10 ¶ 5. The Vigneris argue the affirmative defenses should be stricken or U.S. Bank should be made to pay the cost of additional discovery.

Pursuant to Federal Rule of Civil Procedure 6(b)(2), the court finds U.S. Bank has shown failure to answer was due to excusable neglect and good cause justifies granting leave to file the answer out of time. Further, to the extent the affirmative defenses should be considered amendments to the earlier pleading, the court finds that in addition to good cause shown for leave to be granted, there is not sufficient justification for denial, "such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment -- leave to amend should be granted." **Brown v. Wallace,** 957 F.2d 564, 566 (8th Cir. 1992) (quotations and citations omitted). Although the Vigneris argue additional discovery is required by virtue of the affirmative defenses, they fail to describe with any particularity the need for additional discovery related to specific defenses. Accordingly, U.S. Bank's motion for leave to file the answer out of time is granted.

### C. Motions to Strike

The Vigneris seek to strike exhibits filed by U.S. Bank. The Vigneris contend such exhibits were filed in contravention of the local rules with regard to the manner of filing. Additionally, the Vigneris state counsel's affidavit in support of the documents is made without personal knowledge as to authenticity and that they are hearsay. Finally, the Vigneris argue U.S. Bank inappropriately and improperly filed a settlement agreement, which is irrelevant to the claims against U.S. Bank and unduly prejudicial to the Vigneris.

U.S. Bank filed the settlement agreement with its motion for summary judgment and as an attachment to the response to the motion for default. After the Vigneris filed their first motion to strike, U.S. Bank refiled the document in accordance with the local rules by filing an "Index of Evidence" and affidavit. **See** NECivR 7.1. U.S. Bank also contends the document is appropriate and relevant to the issues now before the court. With regard to whether the affidavits of counsel were made with personal knowledge, U.S. Bank contends there are no disputes over the authenticity of documents and there is no requirement an affiant needed to have witnessed the execution of a document to attest to its reliability. **See, e.g.,** *Westborough Mall, Inc. v. City of Cape Girardeau, Mo.*, 693 F.2d 733, 738 n.2 (8th Cir. 1982); *Schibursky v. IBM*, 820 F. Supp. 1169, 1175 (D. Minn. 1993) (admitting documents when circumstantial evidence supported the authenticity of the documents).

The Vigneris fail to convince the court that striking U.S. Bank's evidence is appropriate. There is no challenge to the actual authenticity of the documents. Further, the Vigneris provide no argument that the inclusion of the documents as evidence is a violation of law. The court will not strike the documents, but will take the Vigneris' arguments as to the relevance of the documents into consideration with the motions for which they were submitted. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON THAT:**

Cathy Vigneri and Ray Vigneri's Motion for Default Judgment against defendant U.S. Bank National Association (Filing No. 64) be denied.

**IT IS ORDERED:**

1. U.S. Bank National Association Motion for Leave to File Its Answer (Filing No. 66) is granted. U.S. Bank National Association shall have to **on or before April 7, 2006**, to file its Answer to the Amended Complaint.

2. Cathy Vigneri and Ray Vigneri's Motion to Strike Exhibit A to Filing 67 (Filing No. 70) is denied.

3.     Cathy Vigneri and Ray Vigneri's Motion to Strike Affidavits of Andrew Muller (Filing No. 79) is denied.

## ADMONITION

Pursuant to NECivR 72.2 and 72.3 any appeal of this Order or objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order and Report and Recommendation.  Failure to timely appeal or object may constitute a waiver of any appeal or objection.  The brief in support of any appeal or objection shall be filed at the time of filing such appeal or objection.  Failure to file a brief in support of any appeal or objection may be deemed an abandonment of the appeal or objection.

DATED this 30th day of March, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge